An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANDRE JOHNSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 65218

**FILED**

DEC 1 0 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of battery. Eighth Judicial District Court, Clark County; Elissa F. Cadish, Judge.

Appellant Andre Johnson argues that the district court erred in denying his motion to suppress his statements made prior to being Mirandized[1] and in denying one of his for-cause challenges to a member of the jury venire.[2] We disagree.

Johnson argues that his oral and written statements made to a police officer who reported to the scene should have been suppressed

---

[1]*Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]Appellant's argument that the district court erred in allowing the State to use a prior conviction for battery constituting domestic violence at the preliminary hearing to establish the domestic-relationship element does not warrant relief because appellant was not convicted of battery constituting domestic violence. *Cf. United States v. Mechanik*, 475 U.S. 66, 70 (1986) (holding that any error in grand jury proceedings was harmless where defendants were found guilty beyond a reasonable doubt at trial); *Lisle v. State*, 114 Nev. 221, 224-25, 954 P.2d 744, 746-47 (1998) (citing *Mechanik*).

14-40274

because the officer had not read Johnson his *Miranda* rights, conducted a *Terry*[3] pat-down, asked him to stand by the police car as they talked, and would not have allowed Johnson to leave if Johnson had tried to leave. The privilege against self-incrimination provides that statements made by a suspect during custodial interrogation are inadmissible at trial unless the police have provided a *Miranda* warning. *See Miranda v. Arizona*, 384 U.S. 436, 479 (1966); *State v. Taylor*, 114 Nev. 1071, 1081, 968 P.2d 315, 323 (1998). This court considers the totality of the circumstances in determining whether a custodial interrogation has taken place, including the interrogation site, the presence of objective indicia of an arrest, and the length and form of the questioning. *Taylor*, 114 Nev. at 1081-82, 968 P.2d at 323. When police officers only ask on-scene questions about the facts and circumstances of a crime or other fact-finding matters, an individual is not in custody for *Miranda* purposes. *Id.* at 1082, 968 P.2d at 323. We conclude that the totality of the circumstances show that Johnson was not in custody for *Miranda* purposes when he made his statements. As in *Taylor*, at the time the statements were made, the questioning police officer did not handcuff or restrain Johnson, draw his weapon, or inform Johnson that he was not free to leave, while Johnson voluntarily answered the officer's questions, made a voluntary statement, and did not ask to leave. *See id.* at 1083-84, 968 P.2d at 323-24. Thus, we conclude that the district court did not err in refusing to suppress Johnson's statements.

Johnson argues that prospective juror no. 58 should have been removed for cause because she stated that she had been a "battered

---

[3]*Terry v. Ohio*, 392 U.S. 1 (1968).

spouse" and qualified her response that she would separate this experience from her role as a juror. The trial court has broad discretion in ruling on for-cause challenges during jury selection because it is better situated to assess a prospective juror's demeanor than a reviewing court. *Leonard v. State*, 117 Nev. 53, 67, 17 P.3d 397, 406 (2001); *see Wainwright v. Witt*, 469 U.S. 412, 428 (1985). The trial court's determination that a juror is fair and impartial will be upheld if it is supported by substantial evidence. *Walker v. State*, 113 Nev. 853, 866-67, 944 P.2d 762, 771 (1997). The record shows that prospective juror no. 58 stated that she believed she could be impartial and could base her decision on the evidence, understood that her history was distinct from the facts here, and had recently administered a domestic-violence situation at work, demonstrating her ability to take an impartial stance on similar issues. Noting the broad discretion afforded the district court, we conclude that substantial evidence supports the district court's determination and that the district court accordingly did not abuse its discretion. *See Leonard*, 117 Nev. at 67, 17 P.3d at 406.

Having considered Johnson's contentions and concluded that they are without merit, we

ORDER the judgment of conviction AFFIRMED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Saitta

cc: Hon. Elissa F. Cadish, District Judge
Clark County Public Defender
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk